IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-717-FL

| | | |
|---|---|---|
| ROBERT MANKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| VIVID SEATS LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). (DE 36). The issues raised have been fully briefed and are ripe for ruling. For the reasons stated below, defendant's motion is granted.

**STATEMENT OF THE CASE**

Plaintiff, inventor and owner of United States Patent Number 6,477,503 ("the '503 patent") which is generally directed to a reservation system that controls inventory, filed complaint October 14, 2013, against defendant, an internet ticket seller.[1] The complaint alleges defendant directly infringed the '503 patent in violation of 35 U.S.C. § 271(a) and induced infringement of the '503 patent, in violation of 35 U.S.C. § 271(b). On February 28, 2014, plaintiff filed amended complaint, providing more factual specificity regarding defendant's accused infringing actions.

---

[1] On the same date a corresponding lawsuit was filed by plaintiff against another operator of a reservation system aimed at selling tickets, alleging similar violations of or relating to the '503 patent. Robert Mankes v. Fandango, L.L.C., 5:13-CV-716-FL. Order entered this date in that case disposes of defendant's motion for judgment on the pleadings on the same grounds as here.

Plaintiff alleges a system operated by defendant which is used by professional ticket resellers and "pre-screened" individual sellers to allocate available ticket inventory between local and online inventory for sale to internet-based customers which uses some of the steps of the claimed invention. The other steps of the invention allegedly are induced by defendant to be performed by its customers. Plaintiff seeks a declaration of infringement, an injunction, accounting, and damages.

Defendant denied liability in answer filed April 7, 2014. Thereafter the court initiated the parties' planning and scheduling activities and the following day, on April 11, 2014, the parties jointly moved to stay proceedings pending the outcome of the United States Supreme Court's decision in Limelight Networks, Inc. v. Akamai Technologies, Inc., 134 S. Ct. 2111 (2014). The Supreme Court issued its opinion in Limelight Networks on June 2, 2014, and after some maneuvering related to the Federal Circuit's response to that decision, and whether a continued stay of this case, as urged by plaintiff, would be appropriate, ultimately stay was lifted. On October 15, 2014, defendant filed the instant motion.

Briefly, defendant argues plaintiff's allegations belie both his infringement and inducement claims. In particular, defendant argues plaintiff has not alleged direct infringement, where he fails to allege defendant performs every step of any claim, or that defendant exercises control over other parties committing some of the steps of the claimed methods. In addition, defendant contends plaintiff has not alleged inducement, as the facts do not support the inference the '503 patent has been directly infringed.

Plaintiff does not dispute that no one entity performs every step of any claim. Rather, plaintiff contends defendant misstates the applicable legal standard for infringement and argues

defendant has infringed, or induced the infringement of, the ’503 patent because defendant and certain third parties, acting at arm’s length, combine to perform all the steps of a claimed method.

**BACKGROUND**

In undertaking its analysis, this court is mindful that it accepts as true all well-pleaded allegations of the plaintiff and views them in the light most favorable to him, based on the established law of this circuit, as set forth more particularly below. Plaintiff alleges that the ‘503 patent, entitled “Active Reservation System,” issued November 5, 2002. (Am. Compl. ¶8, DE 14; see also DE 14-1)[2]. The ‘503 patent is a method patent with four claims. (DE 14-1). The claimed methods generally address a reservation system that controls an inventory. (Am. Compl. ¶7). More specifically, the patent provides a process whereby local vendors or event owners can track and sell their limited inventory both locally, and online. (See DE 14-1, at 12-13). It also allows third parties, using an internet connection, to view the remaining quantity of inventory and make purchases therefrom. (Id.). Once the purchase is completed, the local vendor or owner’s remaining inventory updates and reflects the purchase. (See id.).

Defendant operates a reservation system specifically aimed at selling tickets to sporting events, concerts, or theatrical performances. (Am. Compl. ¶13). Defendant’s system is used by professional ticket resellers, and other individuals who are “screened” by defendant to sell tickets (collectively “Sellers”), to events to internet-based consumers. (Id.). The reservation system used by defendant, and marketed toward the Sellers, largely mimics that disclosed in the ‘503 patent. (Id. ¶¶ 19-20). However, defendant’s system does not perform all the steps of plaintiff’s claimed invention. (Id. ¶¶20, 23).

---

[2]The ‘503 patent is attached to and referenced in the complaint. Thus, the court may consider its contents upon motion for judgment on the pleadings. Philips v. Pitt Cnty. Mem’l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Rather, defendant's reservation system performs *some* of the steps claimed in the '503 patent, with the Sellers performing the other steps of the claimed invention. (Id.). Defendant offers financial incentives to Sellers that use its system, which undercut other similar financial incentives used in the industry. (Id. ¶21).

## COURT'S DISCUSSION

A. Standard of Review

In reviewing a motion for judgment on the pleadings, under Rule 12(c), the court applies "the same standard" as for motions to dismiss made pursuant to Rule 12(b)(6). Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in

the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

B. Analysis

1. Direct Infringement, 35 U.S.C. § 271(a)

A method patent, like the '503 patent, is directly infringed "only if each step of the claimed method is performed." Muniauction, Inc. v. Thomson Corp., 532 F.3d 1318, 1328 (Fed. Cir. 2007). Direct infringement may occur in one of two ways. First, and most obviously, direct infringement occurs where every step of a claimed method is performed by one party. See id. The parties do not dispute that defendant does not perform all the steps of any claim. For example, the complaint explicitly provides that defendant's reservation system only performs "some of the steps" claimed in the '503 patent. (Am. Compl. ¶19).

Direct infringement also may occur where the combined actions of multiple parties work together to perform every step of a claimed method. Muniauction, 532 F.3d at 1329. This is called joint or divided infringement. Liability predicated on divided infringement requires the patent holder prove the accused infringer performs all the steps of the claimed method through a combination of the accused infringer's actions and the actions of another acting under the direction or control of the accused infringer. Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech., 709 F.3d 1348, 1362 (Fed. Cir. 2013). "Direct infringement has not been extended to cases in which multiple independent parties perform the steps of the method claim." Id. (citations and quotations omitted).

The direction or control standard "is satisfied where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method." Muniauction, 532 F.3d at 1330. Thus, to state a claim for direct infringement under a theory of divided infringement, plaintiff must allege defendant exercised "direction or control over [the Sellers] in a principal-agent relationship or like contractual relationship." Aristocrat, 709 F.3d at 1363.

Here, plaintiff has not done so. First, the complaint contains no allegations the Sellers are defendant's agents. In fact, given the allegation defendant offers incentives to entice the Sellers to use its reservation system, (Am. Compl. ¶18), it follows that the Sellers are acting not on defendant's behalf, but in their own best interest by using the system. Plaintiff, moreover, does not allege the existence of a contract between defendant and the Sellers requiring the Sellers to complete the steps necessary to infringe the '503 patent.

The complaint suggests defendant should be held liable where it makes the use of its reservation system irresistible through the use of "industry low" rates, which provide high profit margins for the Sellers. (Id.). However, the Federal Circuit recently rejected an analogous argument in Aristocrat. There, plaintiff, a patent holder for certain video gambling machines, argued the accused infringer, a purveyor of competing gambling devices, "directed or controlled" the conduct of third parties using its machines, where it incentivized use that brought about consummation of the remaining steps of the claimed method. Aristocrat, 709 F.3d at 1362-63. Plaintiff argued defendant had satisfied the directed or controlled standard, because the players actions were a "natural, ordinary, and reasonable consequence" of defendant's conduct. Id. at 1363. The Federal

Circuit flatly rejected this argument, noting that "[o]ur case law does not recognize the test [plaintiff] proposes." Accordingly, application of that theory would be inappropriate here.

Nevertheless, plaintiff vigorously contests this inevitable result as, what he believes to be, application of an errant standard for divided infringement. Instead, plaintiff contends, the court should apply the standard for joint infringement articulated by the Federal Circuit in On-Demand Machine Corp. v. Ingram Indus., Inc., 442 F.3d 1331, 1334-35 (Fed. Cir. 2004). In that case, the Federal Circuit noted it "discern[ed] no flaw" with a jury instruction stating "Infringement of a patented process or method cannot be avoided by having another perform one step of the process or method. Where infringement is the result of the participation and combined action(s) of one or more persons or entities, they are joint infringers and are jointly liable." Id. In support of this argument, plaintiff asserts this case was decided prior to divided infringement cases requiring direction or control, has never been overruled, and has been ignored impermissibly by subsequent panels of the Federal Circuit.

Plaintiff's argument is without merit. The Federal Circuit has not ignored its On-Demand decision. To the contrary, the court has made clear that, where the statement in question was accompanied by no analysis and was irrelevant to the issues presented, it is *dicta*. See BMC Res. Inc. v. Paymentech, L.P., 498 F.3d 1373, 1379-80 (Fed. Cir. 2007) (citing On-Demand, 422 F.3d at 1334-35). The controlling rule, consistently applied by the Federal Circuit, is where multiple parties perform all the steps of a claimed method, there is no direct infringement unless one party exercises control. Aristocrat, 709 F.3d at 1632; Muniauction, 532 F.2d at 1329; BMC Res., 498 F.2d at 1381-82.

In sum, plaintiff has failed to successfully allege direct infringement. The complaint admits defendant has not completed all steps necessary to infringe the claimed invention on its own. Nor does the complaint allege facts permitting the inference that defendant directs or controls the theaters in their actions. Finally, with regard to plaintiff's argument in support of changing the law, the court is not persuaded, as Federal Circuit precedent forecloses on plaintiff's arguments.

2. Induced Infringement, 35 U.S.C. § 271(b).

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). The Supreme Court recently clarified the standard for inducement liability in Limelight Networks v. Akamai Technologies, 134 S. Ct. 2111 (2014). There, the Court held an accused infringer may not be held liable for inducement, under § 271(b), where no direct infringement has occurred. Id. at 2117-18. Accordingly, defendant cannot be liable for inducement absent direct infringement by the Sellers.

Here, plaintiff fails to allege the Sellers directly infringed the '503 patent. Direct infringement requires the accused infringer, the Sellers for purposes of this discussion, perform all the steps of a claimed method. Aristocrat, 709 F.3d at 1362. Here, plaintiff has failed to allege the Sellers perform all the steps of any claimed method, either individually or through direction or control of a third party. In particular, the complaint only alleges the Sellers completed *some* of the steps necessary to infringe the patent. (See Am. Compl. ¶23).

Thus, in light of the Supreme Court's decision in Limelight Networks, plaintiff has failed to state a claim for induced infringement. The complaint contains no facts from which the court can conclude the '503 patent was infringed by the Sellers directly. Where there is no direct infringement under § 271(a), there can be no inducement under § 271(b). Defendant is entitled to judgment.

**CONCLUSION**

For the foregoing reasons, defendant's motion for judgment on the pleadings is GRANTED. (DE 36). The clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of February, 2015.

LOUISE W. FLANAGAN
United States District Judge